IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN MAAS**                                                                       **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO.: 1:11CV287LG-RHW**

**CITY OF OCEAN SPRINGS, MISSISSIPPI;
CONNIE MORAN, in her official and
individual capacities and RICK BENWARD,
in his official and individual capacities**                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

This matter came before the Court on the Motion to Dismiss [8] filed by Defendants City of Ocean Springs, Mississippi, Connie Moran, in her official capacity, and Rick Benward, in his official capacity. Plaintiff, John Maas, asserts several claims related to his arrest on May 31, 2009, including a federal claim for false arrest under 42 U.S.C. § 1983 and state law claims of wrongful arrest/false imprisonment,[1] defamation, negligence and/or gross negligence, intentional and negligent infliction of emotional distress, outrage, malicious prosecution, and abuse of process. Defendants have moved for a dismissal of the state law claims against the City and against Moran and Benward in their official capacities, arguing that they are barred either by the applicable statute of limitations or the law on immunity. The Court has reviewed the pleadings in this matter and is of the opinion that the Defendants' Motion should be granted.

---

[1] Plaintiff has withdrawn his state law claims for false arrest and false imprisonment.

## FACTS

These facts are alleged by Maas's Complaint or Amended Complaint, and the Court accepts them as true. Connie Moran is the Mayor of the City of Ocean Springs, Mississippi. Rick Benward is also employed by the City as a police officer. On or about May 31, 2009, Maas was arrested for stealing a political yard sign belonging to Mayor Moran. Maas was tried in the Ocean Springs Municipal Court, and he was convicted of petit larceny, apparently upon testimony from Officer Benward. On July 19, 2010, the County Court of Jackson County entered an order finding Moss not guilty. On July 18, 2011, Maas filed his Complaint in this Court. That Complaint was only against Moran and Benward in their individual capacities, although Maas did state in the Complaint that he was serving a Notice of Claim. On November 14, 2011, prior to service of an answer in this case, Maas filed an Amended Complaint, naming as Defendants the City of Ocean Springs, as well as Moran and Benward in their official capacities. Maas has been arrested on charges by the City of Ocean Springs ten times in the past, and he has been found not guilty on six of those charges.

## STANDARD OF REVIEW

Fed. R. Civ. P. 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim *showing that the pleader is entitled to relief . . . .*" (emphasis added). Rule 8 requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  While the complaint need not contain detailed factual allegations, it must contain allegations sufficient "to raise a right to relief above the speculative level." *Id*.  The complaint must show "a claim to relief that is plausible on its face." *Id*. at 570.  The reviewing court must determine plausibility only with reference to the Complaint; as the Fifth Circuit has held, "It is black-letter law that "[a] motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to be evaluated only on the pleadings." *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 935 (5th Cir. 1988) (quoting *O'Quinn v. Manual*, 773 F.2d 604, 608 (5th Cir. 1986)).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Iqbal* construed *Twombly* as having two major tenets.  The first is that, while the reviewing court must accept as true all of the factual allegations in a complaint, it need not accept legal conclusions, even where they are couched as factual allegations. *Id*. (citing *Twombly*, 550 U.S. at 555).  The second principle is that, to survive a motion to dismiss based on Fed. R. Civ. P.12(b), a complaint must "permit the court to infer more than the mere possibility of misconduct . . . ." *Iqbal*, 555 U.S. at 679.

Motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).  Still, after construing the facts most favorably to the nonmoving party and conducting a review

that is context-specific, drawing on its judicial experience and common sense, a court may dismiss if "a successful affirmative defense appears . . . ." *Kansa Reins. Co., Ltd. v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *Iqbal*, 445 U.S. at 679; *Turner*, 663 F.3d at 775.

## ANALYSIS

The Motion before the Court concerns only the liability of the City and Moran and Benward in their official capacities. A claim against a municipal employee in his official capacity is a claim against the city itself. *Bellard v. Gautreaux*, 675 F.3d 454, 462 (5th Cir. 2012). The Mississippi Tort Claims Act provides the exclusive remedy for claims against municipalities and their employees, as long as the employees are acting within the course and scope of their employment. Miss. Code Ann. §§ 11-46-1 (f), -1(i), -7(1) (Supp. 2011). The Act states, "An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts and omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. §11-46-7(2). The MTCA has its own one year statute of limitations, with certain tolling periods while a governmental entity reviews the required notice of claim. Miss. Code Ann. § 11-46-11(3).

Although neither Maas's Complaint nor his Amended Complaint is completely clear on this issue, it does not appear that Maas is alleging that the intentional torts on which his claims against Moran and Beward are based were

4

committed in the course or scope of their employment. Nevertheless, to the extent that Maas makes these claims against Moran and Benward in their official capacities, they are governed by MCTA's one-year statute of limitations. *Lee v. Thompson*, 859 So. 2d 981, 987 (Miss. 2003). To the extent that Maas proceeds against Moran and Benward personally, the City of Ocean Springs is not liable. *Lee*, 859 So. 2d at 987.[2]

As described in the Complaint and Amended Complaint, Maas's defamation claim accrued on May 31, 2009–the day on which statements were made that caused his arrest. *Forman v. Miss. Publishers Corp.*, 195 Miss. 90, 14 So. 2d 344, 348-49 (Miss. 1943) (establishing Mississippi's "single publication" rule). In a defamation case, the statute of limitations begins to run from that date. *Staheli v. Smith*, 548 So. 2d 1299, 1302 (Miss. 1989). The period within which Maas could file a complaint based on his defamation claim expired on May 31, 2010, and, as he neither filed his Complaint nor served his Notice by that date, this claim is time barred under the MCTA, and it should be dismissed.

Maas's claim of negligence is not cognizable as such under Mississippi law, as his cause of action is based upon his arrest and the intentional torts that he contends stem from that act. Specifically, he alleges in his Complaint:

> At all material times, Defendants owed a non-delegable duty to Plaintiff to act with reasonable care and to abstain from the conduct and wrongful acts, as set forth herein, to enact and enforce and

---

[2] The claims against Moran and Benward in their individual capacities are not before the Court on this Motion to Dismiss.

5

> implement adequate policies and procedures designed to prevent the conduct as set forth herein, and upon discovery of said conduct to conduct a reasonable and impartial investigation of such conduct. Defendants breached such duty owed to Plaintiff. Defendants were therefore negligent. Defendants' conduct was outrageous, and of such duration and extent to amount to gross negligence.

(Compl. 4(¶20), ECF No. 1).

Maas's attempt to re-cast an intentional tort claim as a negligence action will not circumvent the statute of limitations that applies to intentional torts. *Howard v. Wilson*, 62 So. 3d 955, 956-57 (Miss. 2011). "There can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute." *Dennis v. Travelers Ins. Co.*, 234 So. 2d 624, 626 (Miss. 1970). Similarly, in a case involving allegations of unlawful arrest and assault brought against a police officer, the court held that language in the complaint alleging negligence was "of no moment" because the complaint "states a claim generically akin to a common law assault and battery." *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1215 (Miss. 1990). *See also Childers v. Beaver Dam Plantation, Inc.*, 360 F. Supp. 331, 334 (N.D. Miss. 1973) and *McGee v. Willbros Const., US, L.L.C.,* No. 5:11cv80DCB-JMR, 2011 WL 6781434 at *2 (S.D. Miss. Dec. 27, 2011) (holding that, to the extent complaint alleged that employer intentionally put him in a situation likely to cause harm, the action was barred by the one-year statute of limitations). The MCTA takes the same view: "The limitations period provided herein shall control and shall be exclusive in all actions subject to and

brought under the provisions of this chapter, *notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it . . . .*" § 11-46-11(3) (emphasis added). Since this lawsuit is, essentially, about the intentional acts surrounding Maas's arrest, it is not a negligence case, and the negligence claim should be dismissed. Alternatively, to the extent that the negligence claim was based on duties that Benward and Moran undertook as part of their employment, the claim would be governed by the one-year statute provided by the MCTA, which began to run on the day of the arrest. Thus the claim is barred as to them and as to the City.

Maas's claim for intentional infliction of emotional distress is also governed by Mississippi's one-year statute of limitations. *Trustmark Nat. Bank v. Meador*, 81 So. 3d 1112, 1118 (Miss. 2012). Maas's claim in this regard accrued on May 31, 2009, and the limitations period for bringing this claim expired on May 31, 2010. Maas's claim of intentional infliction of emotional distress is, therefore, time-barred. His claim of negligent infliction of emotional distress should be dismissed for the same reasons as his general negligence claim. Maas also alleged in his Complaint a separate count for the "common-law tort of outrage." In Mississippi, the tort is considered equivalent to the claim of intentional infliction of emotional distress. *Jones v. Jackson State Univ.*, No. 3:07cv72, 2008 WL 682411 at *5 (S.D. Miss. 2008); *Bombadier Capital, Inc. v. Royer Homes*, No. 1:04cv884, 2006 WL 1328907 at *3 n.2 (S.D. Miss. May 15, 2006). This claim is time-barred.

7

To recover on a claim of abuse of process, a plaintiff must show: "(1) the party made an illegal use of the process, a use neither warranted nor authorized by the process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of the process." *Franklin Collection Serv., Inc. v. Stewart*, 863 So. 2d 925, 931 (Miss. 2003). The crucial element of the claim is "the intent to abuse the privileges of the legal system." *Ayles v. Allen*, 907 So. 2d 300, 303 (Miss. 2005). Abuse of process differs from a claim of malicious prosecution "in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued." *Moon v. Condere Corp.*, 690 So. 2d 1191, 1997 (Miss. 1997). The limitations period for an abuse of process claim begins at the time of the arrest. *Beaver Dam Plantation,* 360 F. Supp. at 334 (N.D. Miss. 1973). As with the other torts described above, this claim is time barred under the MCTA.

Like the plaintiff in *Beaver Dam*, Maas's state law claims against the City and the other Defendants in their official capacity survive solely on his claim of malicious prosecution. To succeed on a malicious prosecution claim, a plaintiff must show:

(1) the institution or continuation of original judicial proceedings, either criminal or civil;

(2) by, or at the insistence of the defendants;

(3) the termination of such proceeding in plaintiff's favor;

(4) malice in instituting the proceeding;

8

(5) want of probable cause for the proceedings; and

(6) the suffering of injury or damages as a result of the action of prosecution.

*Central Healthcare Servs., P.A. v. Citizens Bank of Philadelphia*, 12 So. 3d 1159, 1167 (Miss. Ct. App. 2009). A cause of action for malicious prosecution "accrues on the day the criminal proceedings are terminated in the favor of the plaintiff." *Coleman v. Smith*, 841 So. 2d 192, 194 (Miss. Ct. App. 2003) (citing *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1217 (Miss. 1990)). Maas's malicious prosecution claim arose, therefore, when his conviction was reversed on July 19, 2010. Although a literal reading of the statute of limitations contained in the MTCA suggests that the statute begins the limitations period at the time of the conduct complained of–i.e., making the statements that resulted in the issuance of the warrant–it has been interpreted by the Mississippi Supreme Court to begin at "the earliest date all of the necessary elements of a tort claim were present . . . ." *Caves v. Yarbrough*, 991 So. 2d 142, 147 (Miss. 2008). All of the necessary elements for Maas's malicious prosecution claim were not present until July 19, 2010; therefore, his July 18, 2011, claim was timely filed.

Moran and Benward, in their official capacities, along with the City, have moved to dismiss this claim on grounds that there is no liability for acts of a municipal employee that are undertaken with malice. Maas argues that the City should not be dismissed, because the statutory language does not except from liability "its own conduct." A city, however, like a corporation or any other

governmental agency can only act through its officials or employees. *Earrey v. Chickasaw County, Miss.*, 965 F. Supp. 870, 877 (N.D. Miss. 1997); *see also City of Fort Lauderdale v. Scott*, 773 F. Supp. 2d 1355, 1361 (S.D. Fla. 2011) (dismissing slander of title claim based upon alleged malicious conduct of employees as barred by sovereign immunity, noting "[T]he City can only act through its employees."). A municipality's actions are distinct from the conduct of their employees only in the context of a § 1983 suit, where the city's official policies are implicated. Defendants have not sought dismissal of the § 1983 claims. Maas's argument ignores the plain language of § 11-46-7(2), which states, in pertinent part, "[A] governmental entity *shall not be liable* . . . for any conduct of its employee if the employee's conduct constituted . . . malice . . . ." Malice is clearly an essential element of a claim of malicious prosecution, and the City has not waived its immunity from suit for the malicious acts of its employees. A cause of action based on malicious prosecution cannot be maintained against it or the other Defendants in their official capacities.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [8] is **GRANTED** as to the state law claims of defamation, negligence, intentional and negligent infliction of emotional distress, outrage, malicious prosecution, and abuse of process, against the City of Ocean Springs, Mississippi; Connie Moran, in her official capacity; and Rick Benward, in his official capacity, and those claims are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that, as Plaintiff has withdrawn his state law claim for wrongful arrest/false imprisonment, the same is hereby dismissed.

10

**SO ORDERED AND ADJUDGED** this the 5th day of July, 2012.

                                              s/ *Louis Guirola, Jr.*
                                              LOUIS GUIROLA, JR.
                                              CHIEF U.S. DISTRICT JUDGE